UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KORI D. WARD, | ) | CASE NO. 4:07 CV 0044 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| OHIO DEPARTMENT | ) | AND ORDER |
| OF REHABILITATION | ) | |
| AND CORRECTION, et al. | ) | |
| | ) | |
| Defendants. | ) | |

On January 8, 2007, pro se plaintiff Kori D. Ward filed this action under 42 U.S.C. §1983 against the Ohio Department of Rehabilitation and Correction ("ODRC"), Ohio State Penitentiary ("OSP") Physician Dr. Hiddad, OSP Physician Dr. Okiyaha, and Corrections Medical Center ("CMC") Physician Dr. Roberts.  In the complaint, plaintiff alleges that he was denied prompt treatment for his broken hand and wrist.  He seeks monetary damages.

**Background**

Mr. Ward injured his right hand and wrist on April 13, 2005.  He was taken to St. Elizabeth's Hospital in Youngstown, Ohio.  The treating hospital physician recommended immediate surgery and placed the hand and wrist in a temporary splint.  Mr. Ward was then returned to OSP.  He claims he wrote several kites to OSP Physician Dr. Hiddad asking for an

appointment but was not given one. He states that Dr. Hiddad allowed him to "sit in [his] cell for four months with no medical attention... ." (Compl. at 3.) He indicates that after Dr. Hiddad examined his hand and wrist, he indicated that Mr. Ward would need surgery to correct the break but then waited four more months to schedule the surgical appointment.

Mr. Ward claims that he also saw OSP Physician Dr. Okiyaha. He alleges that Dr. Okiyaha told him, without taking an x-ray, that the hand was no longer broken. When Mr. Ward pointed out that the bone was almost protruding through the skin, he states that Dr. Okiyaha told him he was seeing scar tissue. He states that Dr. Okiyaha increased the dosage of his medication but provided no other treatment.

Finally, Mr. Ward alleges he was transferred to the CMC for the surgery. He contends that Dr. Roberts initially x-rayed his wrist and hand and concluded that surgery would not be needed. Mr. Ward indicates he was told the bone would heal on its own. He claims that four months later, Dr. Roberts performed the surgery he originally said would not be needed.

Mr. Ward asserts that the three physicians committed medical malpractice, and provided negligent treatment. He also contends that they were deliberately indifferent to his serious medical needs. He seeks compensatory and punitive damages.

## **Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss a claim in an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to

state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, plaintiff's claim against the ODRC is dismissed pursuant to §1915(e).

As an initial matter, the ODRC is not mentioned in the body of the complaint. The ODRC is listed in the case caption, but Mr. Ward does not include any allegations against this defendant. Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was directly involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts which reasonably associate this defendant to any of the claims set forth by the plaintiff.

Furthermore, even if Mr. Ward had included allegations against this defendant, he could not proceed with an action for damages. The Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies. Latham v. Office of Atty. Gen. of State of Ohio, 395 F.3d 261, 270 (6th Cir. 2005).

### **Conclusion**

Accordingly, Plaintiff's claims against the Ohio Department of Rehabilitation and Correction are dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2] This case shall proceed solely on plaintiff's claims against Ohio State Penitentiary ("OSP") Physician Dr. Hiddad, OSP Physician Dr. Okiyaha, and Corrections Medical Center ("CMC") Physician Dr. Roberts. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and **shall include a copy of this order in the documents to be served upon the defendants.**

       IT IS SO ORDERED.


Dated: April 10, 2007                               *s/ James S. Gwin*
                                                               JAMES S. GWIN
                                                               UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.