UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
KORI D. WARD,                                   :     CASE NO. 4:07-cv-44
                                                :
           Plaintiff,                           :
                                                :
vs.                                             :     OPINION & ORDER
                                                :     [Resolving Doc. No. 46, *sua sponte*]
DR. ROBERTS,                                    :
DR. OKIYAHA,                                    :
DR. HIDDAD                                      :
                                                :
           Defendants.                          :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On January 8, 2007, Plaintiff Ward filed a complaint, alleging that the state penitentiary and several prison doctors had violated his Eighth and Fourteenth Amendment Rights in failing to properly treat an injury to his hand. [Doc. 1]. The original summons and complaint to be served on Drs. Haddad and Okiyaha came back to the clerk unexecuted. The clerk's office wrote to Plaintiff Ward stating the procedure for filing a new address for service of process. [Doc. 9]. Plaintiff Ward did not file a new address with the clerk. On August 17, 2007, the Court entered an order for Plaintiff to show cause by August 24, 2007, why he had not obtained service upon Drs. Haddad and Okiyaha or the claims against those defendants would be dismissed. [Doc. 26]. Plaintiff's counsel at that time filed with the Court copies of returns of service for Dr. Haddad and a Dr. Ayad Agha, who is not a named Defendant in this case. [Docs. 28 & 29]. The returns of service state that service was made upon these two individuals by United States Postage Service Express Mail Delivery on August 22, 2007. The Court further considers *sua sponte* whether to dismiss the action as against Dr. Okiyaha under Rule 4(m).

Case No. 4:07-cv-44
Gwin, J.

**A. Rule 12(b)(5) dismissal**

An objection under Rule 12(b)(4) "concerns the form of the process rather than the manner or method of its service." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004). As Defendant argues problems with the manner of process and not the form, the Court understands the motion to be properly made under Rule 12(b)(5).[1/]

Federal Rule of Civil Procedure 12(b)(5) authorizes a district court to dismiss a complaint for insufficiency of service of process. In this case, the Plaintiff has the burden of establishing its validity. *Metro. Alloys Corp. v. State Metals Indus.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006). The court may refer to record evidence in determining the sufficiency of service. *Thompson v. Kerr*, 555 F. Supp. 1090, 1093 (S.D. Ohio 1982).

Pursuant to Fed. R. Civ. P. 4(e)(1), service may be made upon individuals within a judicial district of the United States "pursuant to the law of the state in which the district court is located . . ." Under Ohio R. Civ. P. 4.1(A), service of process may be made by certified or express mail. That rule requires that the clerk mail the summons, and enter that fact and the return receipt on the Docket. *Id*. Plaintiff bears the burden of establishing the validity of the process. *See, e.g.*, *Saez Rivera v. Nissan Mfg. Co.*, 788 F.2d 819, 821 (1st Cir. 1986).

In this case, Plaintiff's attorney mailed the complaint and summons to Drs. Haddad and Agha, rather than the Clerk of the Court. [Docs. 28 &29] Accordingly, proper service has not been made on Dr. Haddad or Dr. Agha.

---

[1/] The Court finds no prejudice to the Plaintiff for this failure to cite the correct rule, as Plaintiff did not respond to the instant motion. The Court urges the State of Ohio to be more careful in the future, however, especially when responding to complaints by *pro se* plaintiffs, who could be prejudiced by the failure to cite the correct rule of civil procedure.

Case No. 4:07-cv-44
Gwin, J.

**B. Rule 4(m) dismissal**

If a plaintiff does not comply with Rule 4(m), the court may dismiss the complaint *sua sponte*. Rule 4(m); *Welsh v. Wilson*, 2000 U.S. Dist. LEXIS 16497, 2000 WL 1708209 (S.D.N.Y. Nov. 15. 2000). In response to the Court's order to show cause for Plaintiff's failure to serve Dr. Okiyaha, Attorney Bell indicated that two of the Defendants' names were misspelled, but that the correct Defendants had been served via certified mail. [Doc. 30]. Attorney Bell then filed a proof of service as to Dr. Agha as well as Dr. Hiddad. [Docs. 28 & 29]. The Court understands Attorney Bell's filing to mean that "Dr. Okiyaha" is actually Dr. Agha. As such, the Court has already dismissed the Complaint without prejudice to him.

If Dr. Okiyaha is another individual who has still not been served, the Court dismisses the complaint without prejudice as to him. The Plaintiff does not show good cause for failing to serve Dr. Okiyaha. It has been well over 120 days since the Complaint was filed, and the docket reflects that no Dr. Okiyaha has been served process. As such, the Court dismisses the complaint without prejudice, pursuant to Rule 4(m).

In conclusion, the Court hereby **GRANTS** Defendants's Motion to dismiss the case without prejudice, pursuant to Rule 12(b)(5); *see also* 5B Federal Practice and Procedure §§ 1137 n.37 & 1353 n.41 (3d ed. 2004) (dismissals should be without prejudice).

IT IS SO ORDERED.

Dated: October 23, 2007    s/ *James S. Gwin*
       JAMES S. GWIN
       UNITED STATES DISTRICT JUDGE